UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ka'Sheem Matos, *on behalf of himself and all others similarly situated*,<br><br>                                            *Plaintiffs*,<br>      -against-<br>VeoRide Inc.,<br>                                            *Defendant*. | **RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Ka'Sheem Matos ("Plaintiff" or "Matos"), on behalf of himself and all others similarly situated, brings this action against VeoRide Inc. ("Defendant" or "VeoRide") as follows:

1. Plaintiff and the proposed class worked as E-Scooter delivery drivers, bicycle & scooter repair technicians, field technicians, and assistant operations managers for VeoRide in the State of New York, performing almost entirely physical labor, and being paid bi-weekly.

2. Plaintiff Matos began his employment at one of Defendant's facilities located at 3966 Merritt Avenue, Bronx, New York 10466 from July 5, 2021 to May 2022 and has been paid bi-weekly. Matos and other Manual Workers need to be paid weekly to keep up with day-to-day expenses such as transportation costs and groceries and other expenses, and in order to obtain the full value of their services by receiving wages as due. Matos had to pay bills late on more than one occasion and experienced unnecessary stress due to Defendant's bi-weekly pay schedule.

## THE PARTIES

3. Plaintiff Ka'Sheem Matos is an adult individual who is a resident of Nassau County, in the State of New York.

4. Defendant is a foreign business corporation organized and existing under the

laws of Delaware and doing business in New York.

5. Defendant was, at the time of filing of the Complaint, and still is, a citizen of the State of Delaware within the meaning of 28 U.S.C. § 1332(c)(1), because it now is and was at all times incorporated under the laws of that state.

6. Defendant is the entity on Plaintiff's paystubs.

7. Defendant was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and all other similarly situated employees.

8. Defendant has maintained control, oversight, and direction over Plaintiff and all other similar employees, including timekeeping, payroll, and other employment practices that are applied to them.

9. Defendant applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to frequency of payment of wages.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

11. This court also has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since the Plaintiffs reside in New York State and are citizens of that state, while Defendant Sonder USA Inc. is a citizen of Delaware, pursuant to § 1332(c)(1).

12. There are over 100 members in the proposed class.

13. Defendant is subject to personal jurisdiction in New York as it does business in New York.

14. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## FACTS

**Defendant's Business Structure and Organization**

15. VeoRide describes itself "micromobility" company which offers environmentally-friendly electric scooters and bicycles. Upon information and belief, VeoRide became the first profitable micromobility company in 2021.

16. Defendant VeoRide was one of three micromobility companies chosen by New York City to provide a total of 6,000 electric scooters in Bronx County.

17. Defendant employs E-Scooter delivery drivers, Bicycle & Scooter repair technicians, field technicians, and assistant operation managers.

18. Upon information and belief, Defendant pays all of its E-Scooter delivery drivers, bicycle & scooter repair technicians, field technicians, and assistant operation managers, and similarly situated Manual Workers performing physical tasks bi-weekly in contravention of NYLL.

**Plaintiff's Role and Performance Working for Defendant**

19. Plaintiff Matos started working full-time for Defendant in July 2021 until May 2022 as a field technician and an assistant operations supervisor at their 3966 Merritt Avenue Bronx, New York location.

20. Defendant required Plaintiff to lift, locate, transport, and deliver E-Scooters, and change batteries.

21.     Defendant paid Plaintiff $19 per hour and then $23 per hour on a biweekly basis.

22.     During his employment, over twenty-five percent of Plaintiff's duties were physical tasks, including but not limited to (1) lifting E-Scooters; (2) transporting E-Scooters; and (3) changing batteries.

**Acute Injuries in Fact Sustained by Plaintiff as a result of Defendant's Conduct**

23.     Plaintiff Matos and other similarly situated Manual Workers employed by Defendant suffered actual and acute injuries as a result of Defendant's failure to pay weekly wages.  The timely payment of earned wages were and are crucial to Matos's ability to pay day to day and monthly expenses, especially due to the New York area's high cost of living. Defendant's conduct in paying Matos's wages late throughout his employment resulted in him having to pay his bills late on at least two occasions.

24.     Defendant's late wage payments also deprived Matos and other similarly situated Manual Workers of the time value of their earned money, resulting in tangible financial loss calculated as interest and in other amounts; and loss in the form of the negative impact on their ability to save, invest, and plan for the future.  Defendant reaped large fees from its customers as a direct result of its Manual Workers' labor, taking in millions in revenue, while unlawfully withholding from and paying late its employees who are least able to weather these unjust delays.

## RULE 23 CLASS ACTION ALLEGATIONS

25.     The Proposed Class is defined as:

> All field technicians, E-Scooter delivery drivers, bicycle & scooter repair technicians, and employees with yet to be determined job titles performing physical tasks working for VeoRide Inc. in the State of New York between the date six years preceding the filing of this complaint and the date a class is certified in this action.

26. The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

27. There are more than 100 class members and Plaintiffs' claims are typical of those other members, in that any one would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

28. Plaintiffs and the Proposed Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct.

29. Defendant's corporate-wide policies and practices affected everyone who worked in every store in the same way.

30. Plaintiff is able to fairly and adequately protect the interests of the Proposed Class and have no interests antagonistic to it.

31. Plaintiffs are represented by attorneys who are experienced and competent to bring this action.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

33. Common questions of law and fact exist as to the Proposed Class that predominate over any questions only affecting Plaintiffs and/or each member of the New York

Class individually and include, but are not limited to, the following:

    a.   What job duties are performed by field technicians, E-Scooter delivery drivers, bicycle & scooter repair technicians, and assistant operations managers?

**FIRST CAUSE OF ACTION**

**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiffs and Proposed Class)**

34.    The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiffs and the Proposed Class.

35.    Defendant failed to pay Plaintiffs and Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

36.    Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." People v. Vetri, 309 N.Y. 401, 405 (1955).

37.    All of VeoRide's mechanical engineers, maintenance technicians, and housekeepers are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

38.    As such, the failure to provide wages owed to Plaintiffs and all others similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." See Caul v. Petco Animal Supplies, Inc., No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing Vega v. CM & Associates. Contr. Mgmt., LLC, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

39.    Defendant's conduct also constitutes an "injury in fact" suffered by Plaintiffs under Article III that is within the federal judicial power because Plaintiffs have "suffered an injury in fact that is concrete, particularized, and actual or imminent." See Caul v. Petco (infra).

40. Due to Defendant's violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendant compensatory damages in an amount to be determined in this action, plus the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION

**Failure to Provide Wage Notice and Statements In Compliance with NYLL 195**
**(Brought on behalf of Plaintiffs and Proposed Class)**

41. Plaintiff alleges and incorporates each and every allegation contained in paragraphs above with the same force and effect as if fully set forth at length herein.

42. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder, including as manual workers who should have been paid all overtime and non-overtime wages no later than weekly.

43. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

44. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure

B. Designation of Plaintiff Matos as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

C. Compensatory damages in an amount to be determined in this action;

D. Liquidated damages permitted by law pursuant to the NYLL;

E. an award of civil penalties for the wage notice violation;

F. Prejudgment and post-judgment interest;

G. Reasonable attorneys' fees and costs of the action on the basis of being the prevailing party in a NYLL action to recover wage underpayments; and

H. Such other relief as this Court shall deem just and proper.

**JURY DEMAND**

Pursuant to FRCP 38 Plaintiff demands trial by jury on all issues.

Dated: New York, New York
September 22, 2022

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 Third Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff and Rule 23 Proposed Class*