UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KA'SHEEM MATOS,<br><br>       Plaintiff,<br><br>    -v.-<br><br>VEORIDE INC.,<br><br>       Defendant. | 22 Civ. 08461 (JHR)<br><br>NOTICE OF REASSIGNMENT |

JENNIFER H. REARDEN, District Judge:

  This case has been reassigned to this Court. All counsel must familiarize themselves with the Court's Individual Rules and Practices, which are available at https://nysd.uscourts.gov/hon-jennifer-h-rearden. Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the reassignment. Any conference or oral argument before or directed by the Magistrate Judge will proceed as ordered. However, all previously scheduled appearances or conferences before the District Judge are hereby adjourned pending further notice from the Court.

  Within two weeks of the filing of this Order, the parties are hereby ORDERED to file on ECF a joint letter updating the Court on the status of the case. The joint letter shall not exceed five (5) double-spaced pages, and shall provide the following information, to the extent relevant, in separate paragraphs:

  1. The names of counsel and current contact information;

  2. A brief statement of the nature of the claims and the principal defenses;

  3. A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, the letter must explain the basis for the parties'

belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each entity's members, shareholders, partners, and/or trustees;

4. A statement of all existing deadlines, due dates, and/or cut-off dates;

5. A statement of any previously scheduled conferences or arguments with the Court that have not yet occurred, and the matters that were to be addressed;

6. A brief description of any outstanding motions, including the date such motions were filed and the nature of the relief sought;

7. A statement and description of any pending appeals;

8. A detailed statement of all discovery to date, including the number of depositions taken by each party and any remaining discovery that is essential in order for the parties to engage in meaningful settlement negotiations;

9. A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

10. A statement of whether the parties have discussed employing alternative dispute resolution mechanisms and whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) the retention of a private mediator would be productive and, if so, when (*e.g.*, within the next 60 days, after the deposition of the plaintiff is completed, at the close of fact discovery, etc.);

11. An estimate of the length of trial; and

12. Any other information that the parties believe may assist the Court in advancing the case, including, but not limited to, a description of any dispositive or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel need not submit the joint letter or appear, provided that a stipulation of discontinuance, voluntary dismissal, or other appropriate proof of termination is filed on the docket prior to the joint letter submission deadline, using the proper ECF Filing Event. *See* S.D.N.Y. Electronic Case Filing Rules & Instructions §§ 13.17-13.18, 13.20. Requests for extensions or adjournment of dates not affected by this Order may be made only in accordance with the Court's Individual Rules and Practices, which are available at https://nysd.uscourts.gov/hon-jennifer-h-rearden.

Defendant VeoRide Inc.'s answer to Plaintiff Ka'Sheem Matos' complaint was due on November 7, 2022. *See* ECF No. 6. By 5 pm on January 30, 2023, Defendant shall file a letter on ECF explaining its failure to comply with that deadline.

SO ORDERED.

Dated: January 25, 2023
New York, New York

*[Signature]*
JENNIFER H. REARDEN
United States District Judge